George L. de la Flor
State Bar No. 112488
8355 La Mesa Blvd.
La Mesa, California 91941
(619) 698-2926
Fax: (619) 698-7540

Attorneys for Plaintiff

FILED

08 JUN 25 PM 2: 53

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY HOPKINS, | CASE NUMBER '08 CV 1139 J CAB |
| Plaintiff, | COMPLAINT FOR FAILURE TO PAY DISABILITY BENEFITS (ERISA) |
| vs. | |
| FIRST UNUM LIFE INSURANCE COMPANY OF AMERICA, PHOENIX HOUSE FOUNDATION, INC. EMPLOYEES LONG TERM DISABILITY PLAN, | |
| Defendants. | |

## JURISDICTION AND VENUE

1. This action is brought under the Employees Retirement Income Security Act (hereafter ERISA). The Court has jurisdiction to hear this matter pursuant to 29 USC Section 1101 et seq. and 28 USC Section 1331.

2. Venue is proper insofar as Plaintiff was employed within the district when the disability giving rise to her claim for benefits arose. The plan was applied to employees within the state and district and does business within the district.

## PARTIES

3. Plaintiff, by virtue of her employment, was covered by the long-term disability plan

of her employer, The Phoenix House. Plaintiff made a claim for benefits under said plan arising from a disability hereafter described.

4. Plaintiff is informed and believes that Defendant FIRST UNUM LIFE INSURANCE COMPANY and/or UNUM LIFE INSURANCE COMPANY OF AMERICA administers and underwrites the long-term disability plan applicable to Plaintiff. Said plan sued herein as Defendant PHOENIX HOUSE FOUNDATION EMPLOYEES LONG TERM DISABILITY PLAN. Said entities are a plan and/or fiduciaries within the meaning of 29 USC Section 1001 and 1002.

## FIRST CAUSE OF ACTION

## FOR FAILURE TO PAY DISABILITY BENEFITS

5. At all times relevant hereto, Plaintiff was a participant of the plan. On or about October 5, 2005, Plaintiff began a disability leave based on significant emotional distress arising from her work. This stress included fear for her safety due to unsafe conditions at work, as well as ongoing personnel matters related to Plaintiff's complaint of said conditions. At all times relevant hereto, Plaintiff suffered severe psychological and mental conditions entitling her to benefits under the terms of the plan.

6. The plan has an elimination period of six months prior to allowing someone to qualify for benefits. The Plaintiff made timely application for benefits. Unfortunately, in the intervening period, Plaintiff was diagnosed with follicular lymphoma. This physical diagnosis additionally made her disabled from work.

7. Plaintiff timely made application for benefits under the plan. Pursuant to its terms, Plaintiff was initially disabled based on her emotional condition and subsequently disabled because of a cancer-related medical condition.

8. Plaintiff made a timely application for benefits under the terms of the plan and cooperated in every respect in providing appropriate documentation.

9. Notwithstanding the foregoing, Defendants, and each of them, harmfully denied

Plaintiff her benefits, finding that she was not disabled from working prior to her diagnosis of lymphoma and that, by virtue of her not being at work for the intervening time period prior to her diagnosis, did not then qualify for benefits under the plan.

10. Plaintiff appealed this denial of benefits which was subsequently affirmed by Unum. Plaintiff has exhausted all remedies, internal, contractual and administrative remedies, available to her and required under the terms of the plan.

11. The question of application of the plan in issues regarding disability were ministerial in nature and the plan did not reserve discretion to make such decisions. Accordingly, the decision to deny benefits is to be reviewed by the Court de novo. In the alternative, termination to deny Plaintiff benefits was discretionary within the terms of the plan and the decision of the administrators and fiduciaries constituted an abuse of discretion.

12. Accordingly, Plaintiff is entitled to declaratory relief that she is entitled to plan benefits and an order enjoining the Defendants from denying past and future benefits, together with the restitution of all unpaid sums from and after the expiration of the elimination period on April of 2006, plus interest thereon.

13. In addition, Plaintiff has incurred attorney's fees in the prosecution of this matter and is entitled to restitution of the same pursuant to 29 USC Section 1132(g).

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

1. For declaratory and injunctive relief as prayed herein;
2. For restitution of benefits not paid, together with interest thereon;
3. For attorney's fees according to proof;
4. For costs of suit incurred herein; and
5. For such other and further relief as this Court may deem just and proper.

DATED: 6-15-08

GEORGE L. de la FLOR
Attorney for Plaintiff

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

       # 152300     - TC
       * * C O P Y * *
         June 25, 2008
            14:53:56


       Civ Fil Non-Pris
USAO #.: 08CV1139
Judge..: NAPOLEON A JONES, JR
Amount.:                  $350.00 CK
Check#.: BC3907




   Total-> $350.00



FROM: ATHY HOPKINS
      VS
      FIRTS UNUM LIFE INSURANCE CO.
```

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ATHY HOPKINS

**DEFENDANTS**
First Unum Life Insurance Company of America, Phoenix House Foundation, Inc. Employees Long Term Disability Plan

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

'08 CV 1139 J CAB

(c) Attorney's (Firm Name, Address, and Telephone Number)
George L. de la Flor, Law Offices of George L. de la Flor, APC
355 La Mesa Blvd., La Mesa, CA 91941 (619)698-2926

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1100, et seq.
Brief description of cause:
Failure to pay disability benefits under ERISA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 6/18/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 152300  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

CR   TAC  6/25/08